Johnson, C. J. The court below sustained the demurrer filed by the defendant to the plaintiff’s replication to his fourth plea; and this is the only decision of which he now complains. The plea avers that William B. Thornton, to whom the writing was made payable, did not endorse it to the plaintiff in manner and form as set forth in his declaration. To this plea the plaintiff replied that Thornton assigned the writing to William B. Davis, and that Davis assigned it to him. The defendant demurred to the replication, which was sustained by the court, and the reason given for the decision is that the demurrer reached back to the plea, and that the plea itself being bad, the demurrer to the replication must be sustained. That the replication was no answer to the plea is perfectly manifest, and of course was demurrable, but not for the reason assigned by the court. If the plea was ill and the demurrer to the plaintiff’s replication extended back to it, which it most undoubtedly would, the replication, though defective in point of law, would have been adjudged sufficient for a bad plea, and the demurrer would consequently have been overruled. The plea, however, is believed to be substantially sufficient, as it contains a direct and positive denial of a material allegation in the declaration, and if true, is a full and complete bar to the present action. If the allegation traversed by the plea was untrue in point of fact, the plaintiff had shown no legal interest in the subject matter of the suit, and as a necessary consequence was not entitled to recover. The demurrer to the replication, in the language of the record, was icin short,” and the court below passed upon it without any specification of the causes whatever. This practice is wholly unwarranted by our Statute, and in case the replication had contained an answer to the plea, no matter how defectively it might have been stated, all such defects would have been waived by the failure of the defendant to point out the particulars upon which he intended to rely. But such is not believed to be the character of the replication, and as a matter of course the doctrine here laid down cannot be brought to bear upon it. It is neither a direct traverse, nor is it a confession and avoidance of the matter set up in the plea. It is a plain and palpable departure from the declaration, and if issue had been taken upon it, it would have been wholly immaterial, and any judgment that might have been rendered upon it, would, on motion, have been set aside, as deciding nothing between the parties. We entertain no doubt, therefore, that the Circuit Court ruled correctly in sustaining the demurrer to the replication. But an important inquiry presents itself here as to the legal consequence which resulted from the decision. If the replication was demurrable upon the ground that, though it tendered an issue, it was inaptly or insufficiently pleaded, and the plaintiff elected to stand upon it and not answer over to the plea, he most unquestionably had no right to take judgment upon the other issues until this court had passed upon the decision of the Circuit Court sustaining the demurrer, and reversed it for error. Had this have been the true state of case, he would, by acquiescing in the decision, have tacitly admitted that he had no cause of action, and consequently that he could not claim a recovery. The judgment, therefore, upon the other issues, upon this supposition, would have been clearly erroneous. And if an answer, though improperly pleaded, would have left the plaintiff in the condition already indicated, he certainly could not have claimed a judgment upon the other issues, when he had failed to answer the fourth plea altogether, and thereby tacitly admitted its truth. In neither case, therefore, would he have been entitled to a judgment upon the other issues. For these reasons the judgment of the Circuit Court will be reversed and remanded with instructions to permit the plaintiff to replead and tender an issue to the fourth plea of the defendant, if he desires to do so.